IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ROSE DEALVA,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 10 C 3520
                                )
COMED d/b/a EXELON,             )
                                )
          Defendant.            )

                          MEMORANDUM ORDER

    Commonwealth Edison Company ("ComEd") has filed its Answer to the employment discrimination Amended Complaint ("AC") brought against it by its ex-employee Rosa DeAlva ("DeAlva"). This memorandum order is issued sua sponte to address some problems in that responsive pleading.

    To begin with, ComEd's counsel couples a substantial number of its Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers of DeAlva's allegations by adding "and on that basis denies them" or the like (see Answer ¶¶19-21, 23, 31-35, 50, 51, 54 and 73). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly that added language is stricken wherever it appears.

    Next, there are a number of places where ComEd's counsel hedges its response by adverting to DeAlva's allegations "that are inconsistent with this affirmative statement" or the like

(see Answer ¶¶39-43, 74 and 101). That language does not conform to the Rule 8(b)(1)(B) language that speaks of admitting or denying a plaintiff's allegations (except where Rule 8(b)(5) may be invoked)--neither DeAlva's counsel nor this Court should be compelled to guess as to what ComEd's counsel may regard as being "inconsistent." That hedge must be eliminated.

Lastly,[1] affirmative defense ("AD") I (captioned "Failure To Mitigate Damages") appears to be plainly speculative. It seems doubtful that ComEd has actually monitored DeAlva's efforts to mitigate her damages (something that AD questions "On information and belief"). Hence that AD is stricken, without prejudice to its potential reassertion if the developed facts were to justify it.

To the extent that corrections are called for by this memorandum order, ComEd's counsel have no need to prepare and tender a full self-contained Amended Answer. Instead an amendment to the existing Answer will suffice, and that should not require time beyond October 22, 2010 to file.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: October 12, 2010

---

[1] This memorandum order is addressing only a few matters that this Court has noted as problematic. It does not of course foreclose DeAlva's possible challenge to any other matters that have been advanced by ComEd.